**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Plaintiff,

vs. Case No.: 8:26-cv-3511

VAUGHN MONGAN and LINDSEY JONES,

Defendants.
_______________________________________/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, hereby files this Complaint for Declaratory Relief against Defendants, VAUGHN MONGAN and LINDSEY JONES (collectively, the "Defendants"), and states as follows:

## PARTIES

1. At all times material hereto, Plaintiff State Farm was a foreign insurer duly authorized to conduct business in the State of Florida. Further, State Farm is a mutual insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. Therefore, State Farm is a citizen of the State of Illinois.

2. Defendant VAUGHN MONGAN is a citizen of the State of Florida and a resident of Marion County, Florida.

3. Defendant LINDSEY JONES is a citizen of the State of Florida and a resident of Pinellas County, Florida.

## JURISDICTION

4. State Farm realleges and incorporates by reference the averments in paragraphs one (1) through three (3).

5. This action is brought pursuant to 28 U.S.C. § 2201, to determine the rights and duties of the parties under an automobile insurance policy, Policy Number E79264459E (the "Policy"), issued in the State of Florida by State Farm to Defendant VAUGHN MONGAN. [*See* State Farm Policy, attached hereto as Exhibit "**A**"].

6. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. On information and belief, complete diversity exists between State Farm and the Defendants as State Farm is a citizen of the State of Illinois and Defendants are citizens of the State of Florida.

7. The $75,000.00 threshold for diversity jurisdiction is met in this case as the Defendants are seeking to hold State Farm responsible for a $2,000,000.00 Amended Final Judgment that was entered against Defendant VAUGHN MONGAN in the underlying negligent infliction of emotional distress action.

8. Venue is proper in this District because a substantial part of the events and omissions giving rise to this action — including the Accident, the issuance of the Policy, and the Underlying Action — occurred in Pinellas County, Florida, which lies within the Middle District of Florida.

9. State Farm contends that there is no coverage available under the Policy for the subject loss hereinafter described and that State Farm has no obligation to indemnify VAUGHN MONGAN or satisfy any judgment arising from LINDSEY JONES's negligent infliction of emotional distress claim pursuant to the terms and conditions of the Policy.

## FACTUAL BACKGROUND

10. State Farm realleges and incorporates by reference the averments in paragraphs one (1) through nine (9).

11. On September 3, 2021, Defendant VAUGHN MONGAN was involved in a motor vehicle accident in Pinellas County, Florida, which resulted in the death of DONNA REIN (the "Accident"). [*See* September 3, 2021 Florida Traffic Crash Report, attached hereto as Exhibit "**B**"].

12. At the time of the Accident, VAUGHN MONGAN was insured under the Policy issued by State Farm, which provided bodily injury liability coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence. [*See* Exhibit "**A**"].

13. Following the Accident, LINDSEY JONES filed a lawsuit against VAUGHN MONGAN for negligent infliction of emotional distress in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Lindsey Jones v. Vaughn Mongan*, Case No. 24-004192-CI (the "Underlying Action").

14. State Farm provided defense counsel to VAUGHN MONGAN in the Underlying Action. [*See* State Farm's January 15, 2026 Reservation of Rights, attached hereto as Exhibit "**C**"].

15. On October 9, 2025, a Motion for Summary Judgment was filed on VAUGHN MONGAN's behalf, asserting that LINDSEY JONES's negligent infliction of emotional distress claim was barred by multiple legal theories. [*See id.*].

16. Thereafter, the Underlying Action proceeded to a nonbinding arbitration pursuant to section 44.103, Florida Statutes, and Florida Rule of Civil Procedure 1.820. [*See* Exhibit "**C**"].

17. On January 6, 2026, a Nonbinding Arbitration Decision was entered against VAUGHN MONGAN in the amount of $2,000,000.00. [*See* Exhibit "**C**"].

18. State Farm disagreed with the arbitration decision and maintained that LINDSEY JONES's negligent infliction of emotional distress claim was barred by multiple legal theories. [*See* Exhibit "**C**"].

19. By correspondence dated January 15, 2026, State Farm advised VAUGHN MONGAN, through his appointed counsel, that State Farm desired that he file a motion for trial de novo pursuant to section 44.103, Florida Statutes, and Rule 1.820, Florida Rule of Civil Procedure, within twenty (20) days of the arbitration decision, or by January 26, 2026. [*See* Exhibit "**C**"].

20. State Farm further advised VAUGHN MONGAN that his failure to file a motion for trial de novo and acceptance of the arbitration decision, thereby allowing it to be reduced to a judgment against him, would constitute a breach of the terms and conditions of the Policy. [*See* Exhibit "**C**"]. State Farm also advised VAUGHN MONGAN that any judgment resulting from the arbitration decision would be considered a payment or obligation voluntarily assumed by him, at his own cost, and that State Farm reserved its rights under the Policy, including the right to deny coverage. [*See id.*].

21. Despite State Farm's position and instructions, VAUGHN MONGAN failed to file a motion for trial de novo within the applicable deadline and permitted the arbitration decision to become binding. [*See* State Farm's February 2, 2026 Disclaimer of Coverage, attached hereto as Exhibit

"**D**"]. Consequently, the Nonbinding Arbitration Decision was reduced to a Final Judgment in the Underlying Action.

22. By correspondence dated February 2, 2026, State Farm formally disclaimed coverage under the Policy based upon VAUGHN MONGAN's failure to cooperate and his breach of the Policy's terms and conditions, including his failure to request a trial de novo and his voluntary assumption of an obligation to a third party. [*See* Exhibit "**D**"].

23. On July 14, 2026, the operative Amended Final Judgment was entered in the Underlying Action in favor of LINDSEY JONES and against VAUGHN MONGAN in the amount of $2,000,000.00 (the "Judgment"). [*See* Amended Final Judgment, attached hereto as Exhibit "**E**"].

24. VAUGHN MONGAN's failure to file a motion for trial de novo deprived State Farm of the opportunity to contest LINDSEY JONES's negligent infliction of emotional distress claim at trial and challenge the amount of damages awarded, thereby substantially prejudicing State Farm's rights under the Policy.

25. LINDSEY JONES, individually and as parent and natural guardian of C.J. and R.J., minor children, is also a Plaintiff, along with AMBER MICHELLE MOONEY and JARED REIN, in a separate bad faith action against State Farm presently pending before this Court, styled *Amber Michelle*

*Mooney, et al. v. State Farm Mutual Automobile Insurance Company*, Case No. 8:25-cv-01698-MSS-AAS, arising out of the same Accident and Policy.

26. Upon information and belief, State Farm reasonably believes that at least one of the Defendants will similarly sue State Farm for bad faith, seeking to hold State Farm responsible for the Judgment entered against VAUGHN MONGAN in the Underlying Action.

## POLICY TERMS

27. State Farm realleges and incorporates by reference the averments in paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. Regarding State Farm's rights concerning the investigation, defense, and resolution of claims and lawsuits, the Policy provides as follows:

> **Insuring Agreement**
>
> 1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
>    a. bodily injury to others; and
>    b. damage to property
>    caused by an accident that involves a vehicle for which the ***insured*** is provided Liability Coverage by this policy.
> 2. ***We*** have the right to:
>    a. investigate, negotiate, and settle any claim or lawsuit;
>    b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
>    c. appeal any award or legal decision
>    for damages payable under this policy's Liability Coverage.

[*See* Exhibit "**A**," LIABILITY COVERAGE (Bodily Injury and Property Damage), Insuring Agreement, p. 7].

29. Regarding the Insured's duty to cooperate, the Policy provides as follows:

**INSURED'S DUTIES**

…

4. **Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

(1) making settlements;
(2) securing and giving evidence; and
(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or
(2) assume any obligation to others unless authorized by the terms of this policy.

[*See* Exhibit "**A**," INSURED'S DUTIES, p. 38].

30. The Policy defines "**Insured**" as follows:

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      i. ***your car***;
      ii. a ***newly acquired car***; or
      iii. a ***trailer***; and
   b. the maintenance or use of:
      i. a ***non-owned car***, or
      ii. a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:

a. ***your car***;
b. a ***newly acquired car***;
c. a ***temporary substitute car***; or
d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

Such vehicle must be used with ***your*** express or implied permission; and

4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

[*See* Exhibit "**A**," LIABILITY COVERAGE (Bodily Injury and Property Damage), Additional Definitions, p. 6-7].

31. The Policy defines "**Person**" as follows:

***Person*** means a human being.

[*See* Exhibit "**A**," DEFINITIONS, p. 5].

32. The Policy defines "***Us***" as follows:

***Us*** means the Company issuing this policy as shown on the Declarations Page.

[*See* Exhibit "**A**," DEFINITIONS, p. 6].

33. The Policy defines "***We***" as follows:

***We*** means the Company issuing this policy as shown on the Declarations Page.

[*See* Exhibit "**A**," DEFINITIONS, p. 6].

34. The Policy defines "***You*** or ***Your***" as follows:

> ***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

[*See* Exhibit "**A**," DEFINITIONS, p. 6].

## COUNT I
## DECLARATORY RELIEF

35. State Farm realleges and incorporates by reference the averments in paragraphs one (1) through thirty-four (34).

36. VAUGHN MONGAN materially breached the terms and conditions of the Policy by failing to cooperate with State Farm in the defense of LINDSEY JONES's negligent infliction of emotional distress claim.

37. Specifically, despite State Farm's express request that VAUGHN MONGAN file a motion for trial de novo to challenge the Nonbinding Arbitration Decision, VAUGHN MONGAN refused to do so. [*See* Exhibits "**C**" and "**D**"]. As a result, the arbitration award became binding and was ultimately reduced to the Judgment. [*See* Exhibit "**E**"].

38. At all material times, State Farm exercised diligence and good faith in seeking to secure VAUGHN MONGAN's cooperation — including by providing him a defense in the Underlying Action, expressly requesting that he move for a trial de novo, and advising him of the coverage consequences of

failing to do so — and State Farm otherwise complied with the terms and conditions of the Policy in good faith.

39. VAUGHN MONGAN's failure to cooperate substantially prejudiced State Farm by depriving it of the opportunity to challenge the Nonbinding Arbitration Decision through a trial de novo, contest LINDSEY JONES's underlying claim on its merits, and potentially avoid or reduce the $2,000,000.00 liability imposed by the arbitration award.

40. Further, by accepting the Nonbinding Arbitration Decision and permitting it to be reduced to the Judgment without State Farm's authorization, VAUGHN MONGAN voluntarily assumed an obligation to a third party in violation of the Policy's express terms and conditions. [*See* Exhibit "**A**," INSURED'S DUTIES, p. 38].

41. As a result of VAUGHN MONGAN's material breaches of the Policy, State Farm contends that no coverage is afforded under the Policy for the Judgment entered in favor of LINDSEY JONES and against VAUGHN MONGAN in the Underlying Action, and that State Farm has no obligation to indemnify VAUGHN MONGAN or satisfy any portion of the Judgment.

42. State Farm is in need of an immediate declaration of its rights, duties, and obligations under the Policy as they relate to the above-referenced Defendants and the Judgment entered in the Underlying Action.

43. Pursuant to 28 U.S.C. § 2201, State Farm respectfully requests that this Court determine whether State Farm has any obligation to provide coverage or indemnification under the Policy for the Judgment entered against VAUGHN MONGAN in favor of LINDSEY JONES, and whether Defendants have any rights to benefits under the Policy arising from or relating to the Judgment.

**WHEREFORE**, Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests:

A. This Court take jurisdiction of the cause;

B. This Court order, adjudge, and decree that this is a proper cause for an action for declaratory judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liability;

C. This Court find that Defendant VAUGHN MONGAN materially breached the terms and conditions of the Policy by failing to cooperate with State Farm and voluntarily assuming an obligation to a third party without State Farm's authorization;

D. This Court find that as a result of VAUGHN MONGAN's material breach, no coverage is afforded under Policy Number E79264459E for the $2,000,000.00 Amended Final Judgment entered in favor of LINDSEY JONES

and against VAUGHN MONGAN in *Lindsey Jones v. Vaughn Mongan*, Case No. 24-004192-CI;

E. This Court find that State Farm has no obligation to indemnify VAUGHN MONGAN or satisfy any portion of the Judgment pursuant to the terms and conditions of the Policy;

F. This Court find that Defendant LINDSEY JONES, has no rights to coverage or benefits under the Policy arising from or relating to the Judgment;

G. This Court award State Farm its costs incurred in this action; and

H. This Court grant any such further relief that this Court deems necessary and appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November, 2026, the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified.

**/s/MAX TSOY**______________
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@youngdukelaw.com
**MAX TSOY**
Florida Bar No.: 111796
mtsoy@youngdukelaw.com
**JENNA DE STEFANO**
Florida Bar No.: 1058637
jdestefano@youngdukelaw.com

YOUNG | DUKE
One Biscayne Tower
2 S. Biscayne Boulevard
Suite 3195
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
*Counsel for State Farm Mutual Automobile Insurance Company*